1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED WALDROP,

11              Plaintiff,                    No. CIV S-06-1260 DFL PAN P

12        vs.

13   DEPARTMENT OF CORRECTIONS,

14              Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff, a parolee seeking leave to proceed in forma pauperis, see 28 U.S.C.

17   § 1915(a)(1), has filed a form petition for a writ of habeas corpus alleging civil rights violations.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Habeas corpus is the sole remedy for a prisoner challenging the fact or duration of

21   his confinement and seeking immediate or speedier release from custody. Preiser v. Rodriguez,

22   411 U.S. 475, 500 (1973).  An action under 42 U.S.C. § 1983 is the remedy for allegedly

23   unconstitutional conditions of confinement. See Nelson v. Campbell, 541 U.S. 637, 643-46

24   (2004); Preiser, 411 U.S. at 498-99.

25              Since plaintiff alleges civil rights violations, the court construes the petition as a

26   complaint filed pursuant to 42 U.S.C. § 1983

1   A federal court may permit a litigant in a civil action to proceed without

2   prepayment of the filing fee or giving security therefor if by affidavit the person shows that he is

3   unable to pay or give security and that he believes he is entitled to redress.  28 U.S.C.

4   § 1915(a)(1).  A court may deny leave to proceed in forma pauperis if it appears from the face of

5   the proposed complaint that the action is frivolous.  Minetti v. Port of Seattle, 152 F.3d 1113 (9th

6   Cir. 1998).  In determining whether an action is frivolous, the court may "pierce the veil of the

7   complaint's factual allegations and dismiss those claims whose factual contentions are clearly

8   baseless."  Neitke v. Williams, 490 U.S. 319, 329 (1989).  Such allegations include those

9   "describing fantastic or delusional scenarios, claims with which federal district judges are all too

10  familiar."  Neitzke, 490 U.S. at 329; see also Hernandez v. Denton, 504 U.S. 25, 33  (1992)

11  (finding of frivolousness appropriate when allegations are irrational or wholly incredible).

12   Plaintiff alleges the California Department of Corrections and Rehabilitation has

13  placed radio transmitters in his ears and uses satellite transmissions to monitor him.  He alleges

14  state officials are using him as an experiment for a web site.

15   Plaintiff's allegations fall within the category of those "describing fantastic or

16  delusional scenarios," and so the request for leave to proceed in forma pauperis should be denied.

17   Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's July 28, 2006,

18  request for leave to proceed in forma pauperis be denied and that this action be dismissed.

19   These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

21  after being served with these findings and recommendations, plaintiff may file written objections.

22  The document should be captioned "Objections to Magistrate Judge's Findings and

23  /////

24  /////

25  /////

26  /////

1  Recommendations."  Failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: August 4, 2006.

4

5  _____
   UNITED STATES MAGISTRATE JUDGE

6

7  \004
   \wald1260.f&r dny ifp
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26